891 F.2d 287
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald Vaughn BARNETT, Defendant-Appellant.
 No. 89-5027.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 6, 1989.
Decided: Nov. 9, 1989.
 
 Todd Clark Conormon (William E. Martin, Federal Public Defender; G. Alan Dubois, Assistant Federal Public Defender, on brief), for appellant.
 Kathleen A. Felton, Department of Justice (Margaret P. Currin, United States Attorney, on brief), for appellee.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Gerald Vaughn Barnett appeals his conviction on one count of aggravated sexual abuse, 18 U.S.C. § 2241(a). He contends that the prosecutor's closing argument violated his rights to effective assistance of counsel and to a fair trial. Finding no merit to this contention, we affirm.
 
 I.
 
 2
 Appellant was a lance corporal in the Marine Corps stationed at Camp Lejeune, North Carolina, on April 17, 1987, when he was accused of sexually abusing Michelle Wright Jones, also a lance corporal. The government's evidence at trial showed that Eugene Hall, a friend of Jones, had let appellant into Jones' room in the barracks to watch television with him, thinking that the appellant was also a friend of Jones. Jones was asleep when appellant arrived. Hall subsequently fell asleep while the two men were watching television. Jones testified that she awoke at approximately 1:00 a.m. and found a man on top of her, pinning her hands down beside her head. Jones' screams during the ensuing struggle awakened Hall, who wrestled the man to the floor. The appellant was seen running from the room and he was apprehended outside the barracks by the duty officer of the day. Several items of appellant's clothing were found in Jones' room.
 
 
 3
 The appellant gave a statement which was admitted at trial, stating that he did attempt to have sexual intercourse with Jones but stopped when she began to get upset. The appellant was convicted by a jury of aggravated sexual abuse in violation of 18 U.S.C. § 2241(a) and was sentenced to three years in prison. He appeals.
 
 II.
 
 4
 Appellant's counsel vigorously cross-examined Jones in an attempt to bring out inconsistencies in her story. During the rebuttal portion of his closing argument, the prosecutor made several remarks intimating that the purpose of the cross-examination may have been other than to reach the truth. The court overruled one objection to the prosecutor's remarks and sustained another and instructed the jury to disregard the remarks to which the objection was sustained. Appellant contends that the prosecutor's argument was prejudicial and entitles him to a new trial because he was entitled to cross-examine vigorously in an attempt to reach the truth and the prosecutor's remarks were unfair comment on his strategy.
 
 
 5
 We agree that the prosecutor's remarks in this case were improper. The strength of the government's case depended upon the credibility of the complaining witness and defense counsel was certainly entitled to test that credibility through cross-examination. However, the impropriety of the remarks does not in itself entitle appellant to a new trial. The test for reversible prosecutorial misconduct requires not only that the remarks be improper, but also that the remarks must have prejudicially affected the defendant's substantial rights so as to deprive him of a fair trial. United States v. Brockington, 849 F.2d 872 (4th Cir.1988). Whether improper argument by government counsel has so prejudiced the trial process as to require reversal must be gauged from the facts of each trial. Miller v. State of North Carolina, 583 F.2d 701, 706 (4th Cir.1978).
 
 
 6
 In this case, while it was error for the prosecutor to have made the remarks, we can discern no unfair prejudice to appellant. The remarks actually attacked appellant's counsel, not appellant. In addition, a curative instruction was given after one of the remarks. Under the circumstances, this case does not warrant reversal.
 
 
 7
 Accordingly, the judgment is affirmed.
 
 
 8
 AFFIRMED.